RUDOLPH BROWN, JR. *v.* STATE OF INDIANA

[No. 977S658. Filed December 28, 1978.]

*Kenneth R. Cady,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Elmer Lloyd Whitmer,* Deputy Attorney General, for appellee.

DEBRULER, J. — Appellant was convicted of second degree murder, Ind. Code § 35-1-54-1 (Burns 1975) repealed October 1, 1977, in the killing of Annetta Russ. On appeal he challenges the sufficiency of the evidence of malice and purpose.

Appellant and Ms. Russ shared a residence in Indianapolis. On the night of November 22-23, they had one or two guests in their home with whom they drank some vodka. Later that night appellant and Ms. Russ began to argue over some undisclosed personal matter. Ms. Russ went downstairs and talked with Paul Robinson, the remaining guest. Appellant came downstairs and struck Ms. Russ with his fist, knocking her down. He left and returned with a sawed-off shotgun. Appellant cocked the gun's hammer, and sat by Ms. Russ. They continued to argue, and apparently pulled and shoved one another. During most of the argument appellant pointed the weapon at the ceiling; after about two minutes he leveled it at her chest. Shortly thereafter the gun discharged, killing Annetta Russ. Robinson told appellant that he was going to

call the police. Appellant began to disassemble the shotgun and discard the parts.

When the police arrived they found the stock and barrel of the shotgun and a spent shotgun shell casing lying in the yard. Appellant gave a statement to the investigating detective, saying that he had shot Ms. Russ accidentally; the gun discharged when he tripped coming down the stairs.

Appellant testified that he did not know that the shotgun was loaded, did not remember pulling back the hammer, and did not pull the trigger. There was evidence of appellant's remorse after the shooting.

The elements of second degree murder were (1) that the accused killed a human being; (2) purposely; and (3) with malice. *Feggins v. State*, (1976) 265 Ind. 674, 359 N.E.2d 517, 520.

The element of purpose has been defined thus:

"An act is done purposely, if it is willed, is the product of a conscious design, intent, or plan that it be done, and is done with an awareness of the consequences." *McKinstry v. State*, (1975) 264 Ind. 29, 35, 338 N.E.2d 636, 640.

Malice is defined as follows:

" 'An act is done with malice when it is done with "any evil design in general." In homicide, a purposeful killing is done with malice if it is done neither in self-defense nor in the heat of passion induced by sufficient provocation.' *Shackleford v. State*, (1976) 264 Ind. 698, 349 N.E.2d 150, 154; *McKinstry v. State*, (1975) 264 Ind. 29, 338 N.E.2d 636, 640.

The often stated rule that malice may be inferred from the intentional use of a deadly weapon in a manner likely to cause death or great bodily harm, *White v. State*, (1976) 265 Ind. 32, 349 N.E.2d 156, 160, is merely an alternative phrasing of the same rule." *Feggins v. State, supra*, at 265 Ind. 677, 359 N.E.2d 520.

While appellant asserts the absence both of purpose and of malice, we do not understand him to argue that the jury would not have been justified in finding malice if they found that appellant deliberately shot Ms. Russ. The issue is whether there was sufficient evidence to warrant the jury in finding an intentional shooting. Appellant concedes the

limitations of our standard of review of the sufficiency of evidence, but urges that there was a complete absence of any evidence from which the jury could infer that the shooting was purposeful, rather than inadvertent. We disagree.

Appellant appeared in the middle of an argument with the decedent, armed with a lethal weapon, a sawed-off shotgun. He cocked this weapon and pointed it at the woman, and the gun discharged. Notwithstanding appellant's protests of innocent purpose, the jury could draw upon its collective experience of human affairs and find that the leveling of a cocked shotgun at the chest of another human being manifests an intention to kill that person, particularly when these acts occur in the midst of a personal argument. We find sufficient evidence of malice and purpose.

The conviction is affirmed.

Givan, C.J., Hunter, Prentice and Pivarnik, JJ., concur.

NOTE—Reported at 383 N.E.2d 1029.